UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| SKYRUNNER, LLC | DOCKET NO.:_____ |
| VERSUS | JUDGE: _____ |
| LOUISIANA MOTOR VEHICLE COMMISSION | MAGISTRATE JUDGE:_____ |

## ORIGINAL COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes SKYRUNNER, LLC, which petitions this Honorable Court for a declaratory judgment for the following reasons:

### I. PARTIES

1.

The plaintiff herein is SkyRunner, LLC (hereafter "SkyRunner"), a Louisiana Limited Liability Company, authorized to do and doing business within the State of Louisiana, with its principal place of business in Caddo Parish, Louisiana.

2.

The defendant herein is the Louisiana Motor Vehicle Commission (hereafter "LMVC"), a Louisiana state agency, which is statutorily domiciled in Jefferson Parish, Louisiana pursuant to Louisiana Revised Statute 32:1253.

## II. JURISDICTION AND VENUE

3.

This Honorable Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because it involves the interpretation of the Constitution, laws, or treaties of the United States.

4.

The parties herein are deemed to be residents of the State of Louisiana and are thus subject to this Honorable Court's *in personam* jurisdiction.

5.

Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) as a substantial portion of the events, transactions, acts and ommissions giving rise to this litigation occurred within this judicial district.

## III. FACTUAL ALLEGATIONS

6.

SkyRunner is a manufacturer and distributor of aircraft vehicles. Skyrunner is located in Shreveport, Caddo Parish, Louisiana.

7.

SkyRunner's product is called the MK 3.2, <u>which is an FAA certified special light-sport aircraft (S-LSA)</u>. SkyRunner is designed to become airborne to

traverse peaks, rivers, lakes, canyons, trees and cliffs, while being capable of traversing sand, dirt, snow, and asphalt.

8.

On or about July 19, 2018, the LMVC asserted that SkyRunner needed to register with that office.

9.

The LMVC further informed SkyRunner that it would need a recreational manufacturer and dealer's license.

10.

However, the FAA already regulates SkyRunner.

11.

SkyRunner informed the LMVC of this inconsistency and the potential for unmanageable overlap of regulation, but the LMVC maintained its position, insisting that it can and will regulate SkyRunner.

12.

The LMVC has made demand that it "will regulate the portion of the aircraft that turns into an ATV" (i.e. an all-terrain vehicle).

13.

More recently, on or about November 29, 2018, the LMVC threatened to impose penalties and/or other sanctions against plaintiff if it did not comply with LMVC's regulations and demands.

14.

La. R. S. 32:1251 defines an "all-terrain" vehicle as follows:

"(1) 'All-terrain vehicle' shall mean any vehicle manufactured for off-road use and issued a manufacturer's statement or certificate of origin, as required by the commission, that cannot be issued a registration certificate and license to operate on the public roads of this state because, at the time of manufacture, the vehicle does not meet the safety requirements prescribed by R.S. 32:1301 and through 1310. This includes vehicles that are issued a title by the Department of Public Safety and Corrections, public safety services, such as recreational and sports vehicles, but it does not include off-road vehicles used for farm purposes, farm equipment, or heavy construction equipment."

15.

Plainly, this definition does not include an aircraft. In fact, the word "aircraft" appears nowhere in the Chapter setting out the Louisiana Motor Vehicle Commission statutes. For that matter, the words "plane," "fly," and "air travel" similarly do not appear in the Louisiana Motor Vehicle Commission chapter.

16.

Elsewhere, the Louisiana Administrative Code defines an "all terrain vehicle" as "an off-road vehicle (not legal for highway use) with factory specifications not to exceed the following: weight-750 pounds, length-85″, and

width-48″. ATV tires are restricted to those no larger than 26 x 12 with a maximum 1″ lug height and a maximum allowable tire pressure of 12 psi. as indicated on the tire by the manufacturer." 76 La. Admin. Code Pt XIX, § 111(G)(9)(a).

17.

The SkyRunner MK 3.2's specifications are not within this definition. In fact, the MK 3.2's specifications are: 1220 pounds, length of 156", and width of 77", with tires that are 29 x 9 with a tire pressure of 24 psi.

18.

Petitioner does not market itself as a road legal vehicle. SkyRunner, on its own website, states:

> **SkyRunner is a Light-Sport Aircraft and does not sell road legal vehicles.** Some states do allow kit cars, old trucks, SxS, and UTV's to be made street legal with road-legal kits that offer brake lights, turn signals, horn, windshield, DOT approved lights, tires, and more. <u>SkyRunner does not advertise as a road-legal vehicle</u>. <u>It is the sole responsibility of the owner to understand and comply with your state's laws</u>.

19.

The LMVC has no constitutional authority over SkyRunner. The LMVC's legal authority extends only to those persons or entities engaged in the business of or serving as a motor vehicle dealer, broker, franchisor, facilitator, repairer, or manufacturer, converter, distributor or wholesaler of motor vehicles, whereas SkyRunner deals in aircraft.

20.

The only manufacturers which the LMVC has the authority to regulate are "motor vehicles" or "recreational products" based on La. R.S. §§ 32:1251, 32:1252, 1253, and 1254. In fact, La. R. S. § 32:1252(24) defines "Manufacturer" as "any person, resident or nonresident, who fabricates, manufactures, or assembles motor vehicles, recreational products, or new, remanufactured, reconditioned, or rebuilt motor vehicle or marine motors." La. R. S. § 32:1252(34) defines "Motor vehicle" as "any motor driven car, van, or truck required to be registered which is used, or is designed to be used, for the transporting of passengers or goods for public, private, commercial, or for hire purposes." And, La. Stat. Ann. § 32:1252(45) defines "Recreational products" as "new and unused motorcycles, all-terrain vehicles, marine products, recreational vehicles, and trailers as defined in this Chapter."

21.

By asserting that it has statutory authority to regulate Skyrunner, The LMVC is exceeding its legislative authority and ignoring its own definitions.

22.

Article VI, paragraph two (2) of the United States Constitution, also known as the Supremacy Clause, states that: "This Constitution, and the laws of the United States which shall be made in pursuance thereof; and all treaties made, or

which shall be made, under the authority of the United States, shall be the supreme law of the land."

23.

The United States Legislature has entrusted the regulation of aircrafts, such as SkyRunner's products, solely to the Federal Aviation Administration (FAA).

24.

Therefore, the LMVC also ignores the fact that <u>the FAA is the **only** entity that is authorized to issue a type certificate and registration of the aircraft is by federal regulation solely within the purview of the FAA</u>. For these reasons, the LMVC is federally field preempted from taking any action to require licensure of SkyRunner as an aircraft as <u>the FAA has the **sole** authority</u> to regulate the national air space.

25.

SkyRunner seeks a declaration that it is not required to register with or be licensed by the Louisiana Motor Vehicle Commission with regard to its MK 3.2s.

26.

SkyRunner further seeks a declaration that the LMVC has no authority to impose fines, penalties, or other sanctions against SkyRunner.

**WHEREFORE**, Petitioner, SKYRUNNER, LLC, respectfully prays:

1. For this Honorable Court to render judgment in its favor against the defendant, the Louisiana Motor Vehicle Commission, declaring that the Federal Aviation Administration is the only entity authorized to regulate SkyRunner, LLC and its product, the MK3.2, which is an FAA certified special light sport aircraft (S-LSA).

2. For this Honorable Court to issue judgment in its favor and against the defendant, the Louisiana Motor Vehicle Commission, declaring that LA. R.S. 32:1251 et seq. (insofar as they would otherwise be interpreted to encompass and/or regulate the plaintiff and/or its product) is preempted by federal law;

3. For this Honorable Court to render judgment in its favor and against the defendant the Louisiana Motor Vehicle Commission, declaring that any attempts by the defendant to regulate SkyRunner and/or its product are preempted, or alternatively not authorized by existing legislation and hence that such attempts at regulation are invalid and unenforceable; and

4. For this Honorable Court to render judgment in its favor and against the defendant, the Louisiana Motor Vehicle Commission, declaring that any attempts by the defendant to impose fines, penalties, and/or

other sanctions against SkyRunner are likewise preempted, or alternatively not authorized by existing legislation and hence are unauthorized and unenforceable; and

5. For this Honorable Court to render judgment in its favor and against the defendant, the Louisiana Motor Vehicle Commission, awarding to the plaintiff all costs associated with these proceedings.

> Respectfully submitted:
>
> AYRES, SHELTON, WILLIAMS, BENSON & PAINE, LLC
>
> By:   */s/ Lee H. Ayres*
>     Lee H. Ayres  #18770
>     Ryan P. Telep #37892
> 333 Texas Street, Suite 1400
> P. O. Box 1764 (71166-1764)
> Shreveport, LA 71101
> Telephone:  (318) 227-3500
> Telecopier: (318) 227-3980
> Email: leeayres@arklatexlaw.com
>       ryantelep@arklatexlaw.com
>
> ATTORNEYS FOR PETITIONER, SKYRUNNER, LLC

**Please serve:**
Louisiana Motor Vehicle Commission,
Through its Chairman pursuant to La. R.S. 32:1253
Mr. Raymond J. Brandt
3017 12th Street
Metairie, LA 70002