UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

**SKYRUNNER, LLC**                                    **CASE NO. 5:19-CV-00049**

**VERSUS**                                            **JUDGE ELIZABETH E. FOOTE**

**LOUISIANA MOTOR VEHICLE**                           **MAGISTRATE JUDGE HORNSBY**
**COMMISSION**

**MINUTES OF COURT:**
**Motion Hearing (held by video conference)**

| Date: | March 23, 2022 | Presiding: | Judge Elizabeth E. Foote |
|---|---|---|---|
| Court Opened: | 09:30 a.m. | Courtroom Deputy: | Kathy Keifer |
| Court Adjourned: | 11:20 a.m. | Court Reporter: | Jodi Terry |
| Statistical Time: | 01:40 | Courtroom: | Zoom Recording |

**APPEARANCES**

| Thomas Arceneaux | For | SkyRunner, LLC, Plaintiff |
| Daniel Baker and | | |
| Glen Galbraith | | |
| | | |
| Adrian LaPeyronnie, III | For | Louisiana Motor Vehicle Commission Defendants |

**PROCEEDINGS**

Zoom Motion Hearing (R. Doc. 81) Motion to Dismiss by Defendants

**RULINGS/COMMENTS:**

The Court held oral argument on the pending motion to dismiss, filed by the Louisiana Motor Vehicle Commission Defendants (collectively, "LMVC"). Mr. Gregory Reggie observed the hearing on behalf of the LMVC. All parties participated via Zoom Video Conference.

For the reasons orally stated, the LMVC's motion to dismiss [Record Document 81] was **DENIED without prejudice to the right to re-urge the issues in cross-motions for**

**summary judgment**. The deadline for the parties to file cross-motions for summary judgment is **July 1, 2022**.

The Court began the hearing by posing several questions in order to guide the parties during their arguments. Attached to the reply brief, the LMVC included pictures of the MK 3.2, which were taken from Plaintiff's website. Record Document 90-2. The Court disclosed that it viewed Plaintiff's website and the videos on the website. The Court pondered whether doing so should convert the motion to dismiss into a motion for summary judgment.

The LMVC argued that the MK 3.2 meets the statutory definition of recreational product and ATV found in Louisiana Revised Statute § 32:1252(1) & (45) and that Plaintiff, as the manufacturer and dealer, was subject to the LMVC's licensing requirements. The LMVC stated that it does not seek to register the MK 3.2, but it intends to require Plaintiff to obtain a manufacturer's and dealer's license. According to the LMVC, the purpose of requiring Plaintiff to obtain a license is to protect consumers from unscrupulous business practices and to protect competition. *See* La. R.S. § 32:1251. The LMVC also wants to make sure that licensees have established a place of business and that the facilities are adequate and comply with the requirements in Louisiana Revised Statute § 32:1254. In sum, the LMVC presented that it desires Plaintiff to obtain a license so that it can achieve its statutory purpose and investigate consumer complaints. The LMVC represented that it does not have the power to register the MK 3.2 or tax Plaintiff and that the only monetary issue is the several hundred-dollar licensing fee.

When questioned about the manufacturer's statement or certificate of origin (MSO/MCO), the LMVC stated that the MSO/MCO is not a title document but a "transitional ownership document." The manufacturer produces the MSO/MCO for each recreational product and delivers it to a franchise dealer or distributor who then delivers it to the purchaser. In this case, it appears that Plaintiff is the manufacturer and dealer. Plaintiff countered that the MSO/MCO is a step in the registration process. According to Plaintiff, the purchaser of the vehicle must produce the MSO/MCO in order to register the product with the State of Louisiana.

Plaintiff argued that the MSO/MCO requirement is preempted by the FAA, which in turn causes the MK 3.2 to fall outside the definition of ATV in Louisiana Revised Statute § 32:1252(1). The Court stated that the statutory definition of ATV appears circular. An ATV manufacturer is required to create an MSO/MCO but only vehicles issued an MSO/MCO can qualify as an ATV. Plaintiff agreed and urged that such circularity should weigh in its favor.

Plaintiff advanced that the LMVC is field preempted by federal law in three broad categories: (1) aircraft registration; (2) aircraft design and manufacture; and (3) aircraft repairs and maintenance. Plaintiff maintained that this field preemption prohibits the LMVC from taking any action towards it.

The Court acknowledged Plaintiff's field preemption argument and took no position on it at this time. The parties were unable to answer some of the Court's legal and factual questions without further investigation. Thus, the Court does not find that the parties have presented the legal dispute fully enough such that the Court can properly resolve the motion. The parties

agreed that this issue likely could be resolved by cross-motions for summary judgment instead of a trial. The Court agreed and denied the motion to dismiss without prejudice to the right to re-urge the arguments presented in cross-motions for summary judgment.

The Court inquired as to whether this case was impeding Plaintiff's business operations. Plaintiff stated that the LMVC agreed not to disrupt the business while the suit was pending and that it greatly appreciated this professional approach.

During the hearing, Plaintiff's counsel stated that there may be some discovery objections due to the proprietary nature of some of the requested information. Plaintiff's counsel has until **April 5, 2022**, to notify defense counsel of any such discovery issues. Defendants have until **April 11, 2022**, to respond.

Although not discussed at the hearing, the deadline for the completion of discovery, including depositions, is extended to **June 15, 2022**. The parties are reminded that all written discovery must be served more than 30 days before this deadline and that motions to compel are due by this date. As required by the Court in all cases, the parties must attempt to resolve discovery disputes amongst themselves before resorting to a motion to compel.

